A. H. & F. H. LIPPINCOTT. INC., RESPONDENT, v. JOHN
SCHNEIDER, APPELLANT.

Submitted March 25, 1913—Decided June 18, 1913.

A contract for the conditional sale of a carbonator on the in-
stallment plan contained an option under which the vendee
might purchase outright for cash. Upon shipping the carbonator
the vendor sent the bill of lading to a local bank with a letter of
instructions informing the bank of this option and authorizing the
bank to accept a cash payment of $110 and deliver the bill of
lading to the vendee. A similar letter was written to the vendee,
who thereupon went to the bank, paid the $110, received the bill
of lading and installed the carbonator in his drug store. Later
the vendor, claiming that it had made a mistake of $10 in its
instructions to its agent, brought an action against the vendee in
the nature of a replevin to recover the possession of the carbon-
ator. The answer of the defendant was that the bank, as the
duly authorized agent of the plaintiff and acting within the scope
of its authority and by the direction of the plaintiff, had made a
supplemental agreement with the defendant by which the title to
the carbonator should pass to him upon the payment of $110 in
cash, which agreement was fully executed, and passed the title
to the defendant. Upon motion this answer was struck out as
sham and frivolous and judgment entered for the plaintiff as in
default of an answer. *Held*, error.

On appeal from the Circuit Court.

On June 15th, 1912, the respondent, A. H. & F. H. Lip-
pincott, Inc., entered into an agreement with the appellant,
John Schneider, whereby the respondent agreed to sell to the
appellant a soda fountain carbonator upon a conditional sale,
the terms of which were, net price $130, to be paid as fol-
lows: $10 deposit, $20 on tender of goods or bill of lading,
and the balance of $100 in ten monthly notes. Title to re-
main in the vendor until payment of price and in default of
any installment all payments to be considered as rent.
"Option reserved by the vendee to pay cash $120.00 in full
settlement upon receipt or tender of goods or bill of lading
for same." Schneider paid the $10 deposit and on June

20th, 1912, the respondent enclosed to a local bank the bill of lading, a draft for $20 and the ten monthly notes with instructions to collect the draft of Schneider, have him sign the notes and deliver to him the bill of lading. This letter of instructions contained the following: "P. S. According to Mr. Schneider's contract he has the privilege of paying $120.00 cash in full settlement upon tender of bill of lading, and we therefore authorize you to accept $120.00 less the cash payment of $10.00 already made, or $110.00 from Mr. Schneider if he decides to pay cash for the carbonator, in which event the notes are not to be signed nor the contract acknowledged, but returned to us." On the same day the plaintiff wrote to Schneider as follows: "Dear Sir: We are pleased to advise that on the nineteenth instant we made shipment of carbonator, per your order of recent date. Papers covering settlement, including bill of lading, have been sent to the Tradesmen Bank and we kindly ask that you give same your attention. We have also advised the bank that you have the option of paying $120.00 in full settlement upon tender of bill of lading, that is, $120.00 less the cash payment of $10.00 already made."

Upon receipt of this communication Schneider went to the bank, paid the $110, received the bill of lading and installed the carbonator in his drug store. Upon being notified of the receipt of the $110 by its agent, the respondent discovered, as is claimed, that by reason of its own mistake it had authorized its agent to deliver the bill of lading upon the receipt of $110, whereas they should have named $120. An action at law in the nature of a replevin was thereupon instituted by the vendor to recover the possession of the carbonator. In this action a complaint was filed setting out the foregoing facts to which the defendant, Schneider, filed, *inter alia,* the following answer: "3. The defendant claims title to the carbonator by virtue of a bill of sale handed and delivered to this defendant by the plaintiff's duly authorized agent, appointed by the plaintiff in writing, to wit, The Tradesmen's Bank of Vineland, N. J., which agent, acting within the scope of its authority and direction by the

plaintiff, made a supplementary agreement that if this defendant would pay it (The Tradesmen's Bank) the sum of one hundred and ten dollars ($110.00) cash money, the title of the carbonator would pass to this defendant and that the same would be his property. Upon the representation made to this defendant by the Tradesmen's Bank, agent as aforesaid, that the title to the carbonator would pass to this defendant upon the payment of one hundred and ten dollars, this defendant paid the Tradesmen's Bank the sum of one hundred and ten dollars cash money, and thereupon the title of the said carbonator passed to this defendant and became his property."

Upon motion this answer was struck out as sham and frivolous and leave given to the plaintiff to enter judgment as in default of an answer, which was done.

Whereupon the defendant brought this appeal.

For the appellant, *Edwin F. Miller.*

For the respondent, *Wilson & Carr.*

The opinion of the court was delivered by

GARRISON, J. It was error to strike out the answer. The facts stated in it, instead of being either false or sham, were admitted by the complaint, and the defence thus raised, instead of being frivolous, was the legal resultant of such facts. The answer set up a supplementary agreement made by a duly authorized agent of the plaintiff acting within the scope of its authority and fully executed according to the principal's instructions. The defendant was not even required to prove these facts, for they were the admitted facts of the case. The right of the parties to enter into such an agreement, and thereby to alter a previous written contract, is fully established. *Headley* v. *Cavileer,* 53 *Vroom* 635.

The idea that after a contract so authorized and made has been executed according to the exact instructions of the principal, it can be repudiated upon the ground that the principal had made a mistake in not giving different instructions to his

agent is an entirely novel proposition. The principal authorized his agent to agree with the vendee that title should pass to him upon the payment of $110 in cash; the agreement thus authorized was made and the cash was paid and the title passed under it. If, after the title had thus passed, the principal discovered that he had misinstructed his agent by reason whereof he had received a less sum than he might have demanded, the right in an appropriate action to recover the amount claimed presents a question with which this appeal is in nowise concerned. Upon the question of title, with which this appeal is solely concerned, it is enough for present purposes to say that an answer setting up the foregoing facts was neither sham in substance nor frivolous in law. On the contrary, if the legal effect of the facts stated in the answer be not conclusively to establish the title of the defendant, it must be because of some matter of fact *dehors* the record that calls for the verdict of a jury for which under our system of jurisprudence a motion to strike out is no sort of a substitute and could not be consistently with the constitutional safeguards of that mode of trial.

Fraud is not charged in the complaint, and if it were is rebutted by the affidavit of the cashier of the bank, the plaintiff's own agent, and in any event would be a question for the jury.

Furthermore, and even upon the plaintiff's own theory, an action that challenged the title that had been legally transferred by the plaintiff's agent could not be maintained on the ground of mistake unless the *status quo* had first been fully restored by the return or tender of the money paid, for the transaction was an entire one, so that if it was a mistake to deliver the bill of lading to the vendee, it was likewise a mistake to take his $110, and the entire mistake must be corrected as far as possible before an action based upon it can be maintained. In its complaint the plaintiff states that it refused to receive the $110 from the bank, but in its proofs no such statement is made, but merely that it notified the defendant that he still owed $10. Even if the proof had been as broad as the complaint it would not have sufficed, for the

bank was the plaintiff's agent and the refusal to receive the money it had collected was not the equivalent of a repayment or tender of the money to the vendee.

The net result of the proceeding brought before us by this appeal is that the respondent has the carbonator, $120 in cash and a judgment for $46.02 costs against the defendant, who is left with no action pending in which to try his counter-claim for the damages resulting from the ripping of the carbonator out of his drug store. Such a result is strongly suggestive of error somewhere. The fundamental error was in going back to the original contract upon a motion to strike out an answer that set up the making of a new contract. If the motion had been confined to the pleading it attacked, the existence of a substantial controversy would have been perfectly apparent. Even, however, under the original contract judgment for the plaintiff should not have been entered. The option of the vendee to pay $120 cash in full settlement is entirely consistent with the idea that in the event of a cash transaction such was to be the net price. Even if the court did not so construe the written contract, it was open to a jury to find that the parties themselves had put this practical construction upon it, of which the letters of the plaintiff would be persuasive proof, and the claim that such letters were not written for this purpose, but by mistake, would certainly be a jury question.

Moreover, the original contract provided for a retention of title in the vendor only in case of a conditional sale on the installment and rental plan, and to the contrary provided for the immediate passing of title under the optional cash purchase. The vendor, therefore, when it contemplated this latter transaction and authorized its agent to agree to it and to carry it out, knew that under its contract it was passing the title to its vendee, at least it would be open to a jury so to find.

For these several reasons the judgment of the Circuit Court is reversed, the rule striking out the answer is set aside to the end that a *venire* may be awarded. The appellant may move on notice for costs in this court.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ.   15.